## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jerry Berardi and Betty Berardi,**
**husband and wife, Defendants Below,**
**Petitioners**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0827** (Marion County 10-C-327)

**Jack L. Oliver, CPA, d/b/a Oliver & Associates,**
**Accountants and Consultants, Plaintiff Below,**
**Respondent**

### MEMORANDUM DECISION

Petitioners' appeal, by counsel David A. Glance, arises from the Circuit Court of Marion County, wherein the circuit court awarded judgment in respondent's favor in an action for breach of contract by order entered May 30, 2012. Respondent, by counsel Patrick F. Roche, has filed his response, to which petitioners have filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2010, Respondent Jack Oliver initiated a civil action against Petitioners Jerry and Betty Berardi alleging that petitioners owed him $2,135 for professional services that respondent rendered in his capacity as a certified public accountant ("CPA"), pursuant to a written contract dated March 2, 2007. Pursuant to the contract, respondent was to provide professional services as a CPA to Mr. Berardi in support of his professional malpractice lawsuit against his former attorney. Additionally, respondent alleged that he was entitled to compensation from both petitioners for the numerous tax returns he prepared for them personally and for various business entities they owned. Respondent sought judgment against petitioners in the amount of $18,000 in principal and $6,165 in interest for the preparation of the tax returns, which petitioner did file with the IRS.

During the subsequent bench trial, the circuit court found that the parties had formed no binding legal contract, based on testimony establishing that neither party thereto mutually assented to how respondent was to be compensated. However, the circuit court did find that respondent was entitled to compensation under the theory of quantum meruit because he had provided a substantial benefit to both petitioners by preparing their delinquent tax returns and by

1

preparing for Mr. Berandi's pending lawsuit. As such, the circuit court awarded respondent judgment in the amount of $26,300, plus costs.

On appeal, petitioners allege one assignment of error, arguing that the circuit court erred in granting respondent judgment in quantum meruit because the exact services rendered were not provided with reasonable certainty. Petitioners argue that the circuit court failed to comply with Rule 52(a) of the West Virginia Rules of Civil Procedure because it failed to include the requisite findings of fact in support of its order. According to petitioners, respondent provided no time records related to his work, and the circuit court therefore lacked the information necessary to form a basis for its judgment.

We have previously held as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

Syl. Pt. 1, *Beverly v. Thompson*, 229 W.Va. 684, 735 S.E.2d 559 (2012). Upon our review, the Court finds no error in regard to the circuit court's final order. The circuit court properly complied with Rule 52 of the West Virginia Rules of Civil Procedure in regard to the requirement that it "find the facts specially and state separately its conclusions of law thereon . . . ." Petitioner's argument hinges on the fact that the circuit court's order does not have a specific finding as to how many hours respondent spent preparing for litigation and preparing the subject tax returns, but such a finding is not necessary for purposes of this rule.

The record shows that extensive evidence was admitted concerning the amount of work necessary for respondent to complete petitioners' tax returns and lawsuit evaluation, including retrieving old computers out of storage in order to install older software necessary to complete returns that were almost ten years overdue. Additionally, respondent's expert witness provided testimony that preparing delinquent returns is more difficult than preparing current returns, due to application of the laws that existed at the time the returns were due. In fact, this expert testified that respondent's hourly rate was actually unfair and unreasonable to respondent himself, given his opinion that respondent could have charged a higher rate for his work. Based upon this evidence, the circuit court found that the invoices respondent submitted to petitioners were "both fair and reasonable." Because the circuit court's findings in this regard were supported by substantial evidence, we find no error.

For the foregoing reasons, the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II